**Walter J. MOELLER**

v.

**UNITED STATES of America**

**Nos. Civ. 89 5039, Civ. 89 5049.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 18, 1989.

Walter J. Moeller, West Fork, Ark., pro se.

H. Presley Smith, Michael N. Wilcove, Trial Atty., Tax Div., Washington, D.C., for U.S.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

On April 19, 1989, Walter J. Moeller filed case No. 89–5039 against the United States. The complaint consists of 13 pages plus an additional 20 pages of attached exhibits. It is replete with scandalous and impertinent

charges made against various officials of the Internal Revenue Service and prays for "actual damages in the amount of $15,-581.83 for which I am entitled plus interest as accrued and compounded from the time of the theft." Additionally, Mr. Moeller prays for "general damages as authorized by the law and whatever the jury shall award" and "special damages for cost of typing, copying, transportation, my time and effort and court cost in connection with the recovery of my stolen money".

Then on May 5, 1989, case No. 89–5049 was filed. The complaint filed in this case is substantially identical to the other one but in this case he is suing for $11,979.37 which he alleges was stolen from him by the United States through the criminal acts of various employees of the Internal Revenue Service. By order dated May 15, 1989, the court, finding that these actions involved common questions of law and fact, consolidated them pursuant to the provisions of Rule 42 of the Federal Rules of Civil Procedure. For whatever reason, plaintiff has objected to the consolidation of these cases and has filed a notice of appeal, attempting to appeal the court's order of consolidation.

By order dated July 3, 1989, the court, acting upon a motion to strike filed by the United States, found that the complaint was filled with "redundant, immaterial, impertinent, or scandalous matter" and that, since these improper matters were so interwoven with other allegations in the complaint, the entire complaint would be stricken unless the plaintiff, by July 14, 1989, filed an amended complaint complying with Rule 8(a) of the Federal Rules of Civil Procedure.[1] Mr. Moeller has now filed an amended complaint in Case No. 89–5039 denominated "Amended Complaint by Order of the U.S. District Court to Recover Taxes Unlawfully Assessed and Collected." Not only does this amended complaint not come close to compliance with the court's

order and Rule 8(a), Fed.R.Civ.P., it attempts to bring into the lawsuit an unspecified number of individuals. His amended complaints name three persons "individually and in his capacity as a public servant employee of the IRS" and an indeterminate number of "UNKNOWN PUBLIC SERVANT EMPLOYEES OF THE Internal Revenue Service et al, whose names are indicated by the records of the Internal Revenue Service, Individually and in their capacity as employees of the Internal Revenue Service." The amended complaint consists of 12 pages and an additional 23 pages of attached exhibits. It prays for the same relief as in the earlier complaint except Mr. Moeller has now added a claim for "punitive damages against the individual defendants as authorized by Title 16 [sic], U.S.C. § 7214 and Title 28 U.S.C. § 2679(d)(2) for whatever amount the jury shall decide".

A mere scanning of Mr. Moeller's amended complaint shows that he did not even attempt to comply with the court's earlier order or with Rule 8(a) since it could not even be argued that his claim is set forth in a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by that Rule and the court's order. Instead, Mr. Moeller utilized the court's previous order as an excuse to restate the scandalous and impertinent matters stated earlier and, in addition, to sue individuals in both their individual and official capacities. Mr. Moeller's conduct in this case and in other cases discussed below, has proven to this court that he does not intend to "play by the rules".

This is not this court's first experience with Mr. Moeller. Mr. Moeller obviously has an intense dislike for the Internal Revenue Service and it appears to this court that he desires to cause that agency as much grief as he can. As an example of that, as detailed above, he filed substantially identical 13 page complaints with 20 pages of exhibits making almost identical

---

1. The court has recently noted for the first time that the government's motion to strike filed on June 22, 1989, appears to have been filed, probably inadvertently, only in Case No. 89–5039 and the court's order ruling on that motion also bears only that number. This is true even

though the order consolidating the cases was entered prior to the government's motion to strike. The court intended that its order ruling on the motion to strike cover the complaints filed in each of the consolidated cases.

allegations barely 16 days apart. Then, when the court, to save the expenditure of unnecessary costs, time, and energy, both by the litigants and this court and its personnel, consolidated the cases as permitted by the rules, Mr. Moeller not only objected, but attempted to appeal the court's order. It appears that Mr. Moeller's desire to litigate these identical claims in two separate lawsuits could have no other purpose than to cause the Internal Revenue Service, and perhaps this court, as much grief as possible.

The court has good reason to believe that this is not a case where the plaintiff has innocently wandered into this unfamiliar legal arena as a pro se litigant to right a wrong perpetrated against him. Instead he is an experienced "suit filer" who had reason to know "the rules" and that this court and other courts expected him to follow them. In late 1984 he brought Case No. 84–5209 by filing a complaint consisting of 47 pages, seeking compensatory damages of $100,000 and punitive damages of $100,000,000 against twelve named Internal Revenue Service employees and an unspecified number of "unknown" employees. This court, in a memorandum opinion issued on January 3, 1985, dismissed the complaint, sua sponte, because it was frivolous on its face. In that opinion, the court attempted to explain to Mr. Moeller that, if he did not, in fact, owe the taxes which he was apparently complaining that he had been wrongly required to pay, he had:

> [T]wo courses of action which are certainly adequate. He may, as pointed out above, refuse to pay the tax and bring an action in tax court (26 U.S.C. § 6213), or he may pay the tax and bring an action in district court to recoup it. (26 U.S.C. § 7422). He may not, however, prevent the payment of the tax by seeking to enjoin the United States and its duly authorized officers from collecting the tax, nor may he sue those officers for damages for acting to carry out the duties imposed upon them by law.

Mr. Moeller, obviously believing that the court was wrong, and apparently believing that the court was part of the "conspiracy" that he seems to have imagined, appealed the court's ruling to the Court of Appeals for the Eighth Circuit. That court summarily affirmed this court's ruling, and denied Mr. Moeller's request for an en banc hearing. He then petitioned the United States Supreme Court for certiorari, and that request was summarily denied.

It appears that Mr. Moeller learned little from that experience because in mid 1987 he filed Case No. 87–5089 against the United States and 19 named Internal Revenue Service employees and the "unknown public servant employees" which he seems to believe he is suing in each of the lawsuits filed. Many of the individuals sued are the same individuals that were sued in Case No. 84–5209. The only "good thing" that can be said about the 1987 lawsuit is that the complaint was not as long and did not take quite as long to read as the one filed in the 1984 action. It only consisted of 36 pages attempting to express 19 causes of action in 105 numbered paragraphs. However, the "cost" went up. In this lawsuit, Mr. Moeller demanded $100,459,849.09. Otherwise, the allegations of the complaint were just as frivolous as those made in the earlier lawsuit. Obviously, Mr. Moeller is not easily deterred, even by actions by this court, the Court of Appeals, or the United States Supreme Court.

The court found, sua sponte, that the allegations of the complaint were frivolous, and all claims were dismissed except that the court treated the complaint as a suit under 26 U.S.C. § 7422 for refund of taxes allegedly wrongfully assessed and paid under protest. Naturally, Mr. Moeller was not satisfied with that ruling so he, predictably, filed a notice of appeal. He also filed a motion to disqualify this court from proceeding further in this matter, citing as at least one of the grounds the court's ruling in the earlier action. That motion and supporting papers, including exhibits, consists of some 87 pages.

Shortly thereafter, defendants' motion to dismiss brought on 38 pages of additional filings by Mr. Moeller, 29 of which were in opposition to the defendants' one page motion requesting leave to file a reply brief.

The court denied the motion to disqualify, and treated the motion to dismiss as a motion to make more definite and certain. Plaintiff responded by filing 13 pages in which he contended that the court was biased and prejudiced and generally "wrong" and a multiple page petition for writ of mandamus. The court dismissed the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the court's earlier order.

An appeal was filed, and this court's ruling was affirmed in a per curiam opinion and a request for an en banc hearing was denied. A petition for writ of certiorari to the Supreme Court was also denied.

Again, that experience did not deter Mr. Moeller from his objective, whatever it is. The mandate was issued in the 1987 case finally ending it on April 5, 1989, and plaintiff filed this action 14 days later.

It is impossible to tell from the initial complaints filed in each of these consolidated actions and the amended complaint in Case No. 89–5039 what Mr. Moeller believes his causes of action are, or whether this court has jurisdiction of them, whatever they are. The court has given Mr. Moeller every opportunity to rectify that situation by directing that he file an amended complaint complying with Rule 8(a). Anyone with as much litigation experience as Mr. Moeller should be able to locate a copy of the federal rules and if he did, he should have been able to determine that what the court was telling him, as it told him in the earlier lawsuits, was that he must state his cause of action in simple and concise terms, as required by the rules, without embellishment by allegations of scandalous and impertinent claims made against Internal Revenue Service employees who were simply doing what they perceived to be their job, thus making them, in most cases at least, immune from suit. This court simply cannot determine from Mr. Moeller's voluminous and wordy filings what his claim is, and cannot expect the defendants to know and defend against them. Since the court is convinced from his conduct in this case and other cases that Mr. Moeller does not intend to comply with the rules or the court's orders, the court has concluded that its only alternative is to dismiss his alleged causes of action.

This case and the other cases detailed above are an example of one of the problems facing courts in general and federal courts in particular. Because of our litigious society and the ease of access to the courts, a great deal of time and money is spent in disposing of totally frivolous litigation. For every frivolous lawsuit filed, a great deal of expense, time, and energy is utilized in disposing of it. If it cannot be disposed of prior to summons being issued, then the defendants are required to hire lawyers and defend themselves from the frivolous charges.

The court recognizes that legitimate complaints are often made by pro se litigants, and that practice is not to be discouraged, but the court also recognizes that there is a group of litigants "out there" whose hobby is litigation. It is not possible to determine whether Mr. Moeller is one of that small group, but it is obvious to the court that he is bent upon causing the Internal Revenue Service and the courts as much inconvenience and expense as possible. As already indicated, he files two lawsuits when one would do and then objects to the court consolidating them and appeals when they are. As detailed above, as soon as one of his lawsuits finally works its way through the system, ending when the United States Supreme Court refuses to take his case, he starts another round of litigation involving identical or nearly identical issues, obviously intending for it to take the same course.

The court believes that neither of the lawsuits which are consolidated in this action, nor the ones earlier terminated after months of litigation, have merit. In spite of that, a great deal of time, energy, and resources have been used in disposing of Mr. Moeller's frivolous complaints. This court believes that it has important business to do, yet it has, in total, undoubtedly expended several days in dealing with Mr. Moeller's claims made by him since late 1984. From a great deal of experience gained since then, the court is convinced that these consolidated cases will take the

same course. The Court of Appeals will be required to spend the time necessary to deal with each of his appeals, and since he obviously intends to appeal each issue as it arises, whether appealable or not, the time necessary to accomplish that is not inconsequential.

Mr. Moeller, and others like him, simply must be discouraged from frustrating the system as Mr. Moeller has, irrespective of his motive. It was the "problem" caused by litigation such as that which Mr. Moeller is wont to institute that resulted in the passage of Rule 11 of the civil rules of procedure. The rule mandates (it says shall, not may) that trial courts impose appropriate sanctions in cases where frivolous filings are made. Since its adoption, this court has consistently followed the dictates of that rule in all cases where the court believes frivolous papers are filed, including cases filed by pro se litigants where the court believes the circumstances justify.

In *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987), the court said, in words that are particularly appropriate to this case, that:

> We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the exact same legal theories.
>
> \*　\*　\*　\*　\*　\*
>
> [R]ule 11 was adopted to spare innocent parties and overburdened courts from the filing of frivolous lawsuits.

Rule 11 provides that the signer of any pleading certifies that it is "grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or to needless increase in the cost of litigation." For the

reasons already set forth, the court is convinced that Rule 11 has been egregiously violated and that substantial sanctions are not only justified but required in this case.

Mr. Moeller has clearly demonstrated that he is bent upon harassing the defendants in this case and has been for several years now. He should have learned from the earlier lawsuits that he cannot proceed in the manner that he has attempted to proceed in this case, but he has learned nothing from those experiences. Instead, he is obviously convinced that "everyone is out of step" but him, and he intends to continually maintain a lawsuit in the courts against his enemies in the Internal Revenue Service. Because of Mr. Moeller's conduct since 1984, and because of his obvious intent to continue that conduct irrespective of the results reached, the court is convinced that substantial sanctions should be imposed against Mr. Moeller pursuant to the provisions of Rule 11. As partial reimbursement for the expenses that the "system" has been required to endure because of this matter and the others before it, the court hereby imposes sanctions against Walter J. Moeller in the amount of $2,500.00.[2]

Also, because plaintiff has demonstrated that he intends to file one lawsuit after another until he accomplishes whatever he is attempting to accomplish, the court believes that it is appropriate for this court to take action to deter such conduct. In order to accomplish that, at least until the system is partially reimbursed for the cost of this lawsuit and the ones before it, the clerk of the court is directed to refrain from accepting for filing any additional pleadings or lawsuits tendered by Walter J. Moeller, or tendered in behalf of him, except those necessary to perfect an appeal, of the court's action detailed in this memorandum opinion, until the $2,500.00 sanctions imposed above are paid to the clerk of the court.

---

**2.** This court believes that it is normally advisable to give recalcitrant attorneys or parties an opportunity to show cause why sanctions should not be imposed, but that is clearly not required by the rule. *See* Advisory Committee Note to the 1983 Amendments, which is reprinted at 97 F.R.D. 165, 200–201. No hearing is required. *Davis v. Veslan Enterprises,* 765 F.2d 494 (5th Cir.1985); *Rodgers v. Lincoln Towing Service, Inc.,* 596 F.Supp. 13 (D.C.Ill.1984), aff'd, 771 F.2d 194 (7th Cir.1985).

This matter will be dismissed with prejudice by separate order, with such order providing for the sanctions imposed above.