**Doris McKinney GAMBRELL**

v.

**Leon HESS, Arthur N. Martin, Jr., and Harold Ackerman.**

**Civ. A. No. 90–3959.**

United States District Court, D. New Jersey.

Feb. 14, 1991.

MEMORANDUM OPINION
AND ORDER

VANARTSDALEN, Senior District Judge.

Defendants Leon Hess (Hess) and Harold Ackerman (Ackerman) have filed motions for summary judgment. They also request that sanctions be imposed upon plaintiff, Doris McKinney Gambrell (Gambrell), pursuant to Federal Rule of Civil Procedure 11 and that she be enjoined from filing further actions against them pertaining to her termination of employment from the Amerada Hess Corporation without first seeking leave of court. For the reasons stated herein, I will grant the motions.

## I. Facts and Procedural History

Disposition of the outstanding motions in this case requires a recital of the lengthy history of litigation relating to the termination of plaintiff's employment from the Amerada Hess Corporation (the Corporation). Gambrell was employed as a stenotypist by the Corporation. On March 17, 1980, she filed a complaint in the United States District Court for the District of New Jersey alleging racial discrimination in the Corporation's termination of her employment in 1977 in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. *Gambrell v. Amerada Hess Corporation*, Civil Action No. 80–762 (the Title VII action). She also raised claims under the Thirteenth Amendment to the United States Constitution and 42 U.S.C. § 1981. On May 20, 1981, the complaint was dismissed with prejudice by the Honorable Harold A. Ackerman, United States District Judge, for Gambrell's repeated failure to comply with a discovery order. *Gambrell v. Amerada Hess Corporation*, Order of May 20, 1981.

Gambrell did not appeal the dismissal, but instead, in 1982 she filed a pro se complaint in the United States District Court for the District of New Jersey, naming the Honorable Harold A. Ackerman, Arthur N. Martin Jr., her attorney in the Title VII action, and a number of other

Doris McKinney Gambrell, pro se.

Gordon J. Golum, Wilentz, Goldman & Spitzer, Woodbridge, N.J., Michael A. Chagares, U.S. Atty's Office, Newark, N.J., for defendants.

individuals as defendants. *Gambrell v. Arthur N. Martin Jr., et al.,* Civil Action No. 82–3849 (*Gambrell I*). She alleged that the defendants "engaged in conduct involving various forms of dishonesty, deception, physical and mental threats, fraud, conspiracy [and] misrepresentation" with respect to her Title VII action. *Gambrell I,* Complaint at 1. The complaint sought compensatory and punitive damages, reinstatement of her Title VII case, reinstatement of employment and costs and fees. *Id.* at 3.

The case was originally assigned to the Honorable Clarkson S. Fisher of the District of New Jersey. However, because judicial officers of the District of New Jersey were named as defendants, the case was transferred to the Honorable Murray M. Schwartz of the United States District Court for the District of Delaware. Judge Schwartz granted summary judgment in favor of Judge Ackerman and Magistrate John W. Devine, another defendant, on the grounds of judicial immunity. *Gambrell I,* Memorandum Opinion and Order of August 11, 1983. Upon transfer back to the District of New Jersey, the Honorable Vincent Biunno granted summary judgment as to defendant Martin, finding that there had been no allegations in the complaint "and nothing set out by way of fact [that] remotely asserts, or implies any, racial or other invidious class based conduct on the part of Martin, either alone or in concert with another" and that there was therefore no conspiracy involving Martin under 42 U.S.C. § 1985. *See Gambrell I,* Opinion and Order of August 20, 1984 at 4. The case was then assigned to the Honorable Dickinson R. Debevoise who granted summary judgment as to the remaining defendants. *Id.* Gambrell's subsequent appeals of the District Court judgments were unsuccessful. *See Gambrell v. Arthur N. Martin, Jr.,* 760 F.2d 257 (3d Cir.), *cert. denied,* 471 U.S. 1138, 105 S.Ct. 2682, 86 L.Ed.2d 700 (1985).

In 1984, Gambrell filed a second lawsuit against Judge Ackerman and Magistrate Devine. *Gambrell v. Judge Harold A. Ackerman, et al.,* Civil Action No. 84–2897 (*Gambrell II*). The complaint in that ac-

tion alleged that Judge Ackerman had a "dearly and closely related association and affiliation to the defendants Amerada Hess Corporation" and that his actions in Gambrell's Title VII action were in some way improper. *Gambrell II,* Complaint at 1–2. Judge Debevoise dismissed the complaint pursuant to 28 U.S.C. § 1915(d) as frivolous and malicious, noting that it "obviously" concerned "the same conduct about which she complained in her 1982 action." *Gambrell II,* Opinion and Order of July 19, 1984 at 2.

Plaintiff then sued Judge Debevoise for his handling of *Gambrell I* and *Gambrell II,* alleging "unethical judicial misconduct, trial conduct, incompetence and negligence." *Gambrell v. Judge Dickinson Debevoise,* Civil Action No. 84–3606, Complaint at ¶ 3. The complaint was dismissed as Judge Debevoise was entitled to absolute judicial immunity for his actions in *Gambrell I* and *Gambrell II. Gambrell v. Judge Dickinson Debevoise,* Memorandum Opinion and Order of March 8, 1985 at 8.

In 1985, Gambrell sued Judge Ackerman for the third time in relation to the dismissal of her Title VII action. *Gambrell v. Harold A. Ackerman,* Civil Action No. 85–1541 (*Gambrell III*). She again alleged that Judge Ackerman's dismissal of her Title VII action was improper and fraudulent due to his alleged relationship with the Amerada Hess Corporation. By way of relief, she sought reinstatement of her Title VII action. The complaint was dismissed with prejudice on December 20, 1985 for failure to state a claim upon which relief could be granted and failure to join Amerada Hess, an indispensable party. *Gambrell III,* Opinion and Order of December 20, 1985 at 2–3.

On June 12, 1985, Gambrell filed a motion in the United States District Court for the District of New Jersey seeking "reinstatement" of her Title VII action. The Honorable H. Lee Sarokin treated her motion as one made pursuant to Federal Rule of Civil Procedure 60(b) and denied it as untimely and without merit. *Gambrell v. Amerada Hess Corporation,* Letter Opinion and Order of May 7, 1986. Plaintiff's

subsequent appeals to the Third Circuit Court of Appeals and the Supreme Court were unsuccessful. *See Gambrell v. Amerada Hess Corporation,* 813 F.2d 397 (3d Cir.), *cert. denied,* 481 U.S. 1055, 107 S.Ct. 2195, 95 L.Ed.2d 850 (1987). On June 9, 1987, Judge Sarokin entered an order awarding Amerada Hess costs of appeal against Gambrell in the amount of $91.00. *Id.,* Order of June 9, 1987.

In May of 1990, Gambrell filed a second motion for "reinstatement" of her Title VII action, based on the "mishandling" of the action by her former attorney and the disciplinary action taken against Martin by the New Jersey Supreme Court. The motion was denied by Judge Sarokin on July 20, 1990. *Gambrell v. Amerada Hess Corporation,* Opinion and Order of July 20, 1990. Gambrell's appeal from that order is currently pending before the Third Circuit Court of Appeals.

On October 9, 1990 Gambrell filed the instant case, her fourth pro se action against Judge Ackerman. She has also named Leon Hess, the alleged owner of the Amerada Hess Corporation, and Arthur N. Martin, Jr., her former attorney, as defendants. Although this case was originally assigned to the Honorable Alfred M. Wolin of the District of New Jersey, because a judicial official officer of the District of New Jersey has been named as a defendant it was reassigned to me pursuant to 28 U.S.C. § 292(b). Defendants Hess and Ackerman have both moved for summary judgment.

On January 16, 1991, Gambrell filed a pleading styled "Application for an Order for Extension of Time to Answer Summary Judgment for Defendant Leon Hess and for an Order to compel defendant Leon Hess to Answer Interrogatories," along with a second document styled "Application for an Order to compel defendant Harold Ackerman to answer Interrogatories." I treated her first motion as one seeking to compel discovery and as a motion pursuant to Federal Rule of Civil Procedure 56(f) requesting continuance of the summary judgment motion to allow additional discovery to be taken. I denied her motion to compel as to defendant Hess on the grounds that the interrogatories to which she sought answers were unrelated to the legal doctrines of res judicata, collateral estoppel and the application of the statute of limitations, upon which Hess relied in his motion for summary judgment.[1] I also provided her with an additional twelve days to either answer the summary judgment motion or to request additional discovery and file affidavits in accordance with Rule 56(f) specifying what additional discovery was requested, what facts it would reveal and how they would preclude summary judgment. Memorandum and Order of January 23, 1991.

■ On January 29, 1991, Gambrell filed a document entitled "Affidavit of Doris McKinney Gambrell, plaintiff to Serve for Summary Judgment and why defendants should answer interrogatories." In the attached cover letter, she refers to her filing as an "Affidavit of Doris McKinney Gambrell in regard to: (a) My Motion to compel defendant Leon Hess to answer interrogatories (b) Summary Judgment response." On February 4, 1991, plaintiff filed a document entitled "Affidavit of Doris McKinney Gambrell regarding defendants Hess, Ackerman & Martin." In the cover letter attached to this latest filing, Gambrell states that it "is to serve as for any Motions pending." It thus appears that plaintiff intends these filings to be both affidavits in response to my order of January 23, 1991 and answers to the motions of defendants Hess and Ackerman for summary judgment, and I will treat them as such.

Even construed liberally, as pro se filings must be, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), plaintiff's purported affidavits do not satisfy the requirements of Rule 56(f). They do not set forth the need for any

---

1. Defendant Ackerman has averred in his response to Gambrell's motion to compel answers to interrogatories that he has never been served with interrogatories. Because I am granting the summary judgment motions of Hess and Ackerman, Gambrell's motion to compel will be denied as moot.

additional discovery or specify how additional discovery would preclude the entry of summary judgment. Plaintiff's affidavits merely reiterate her belief that Hess should be required to answer the interrogatories she has previously served upon him. As I pointed out in my memorandum opinion of January 23, 1991, the interrogatories to which Gambrell refers seek information regarding the relationship between the defendants, information that is relevant only to the merits of her conspiracy claim. The motions of Hess and Ackerman are based solely on the doctrines of res judicata, collateral estoppel and the applicable statute of limitations. The merits of Gambrell's conspiracy claim are irrelevant to the application of these doctrines to this case. The information Gambrell seeks could not therefore raise a factual dispute sufficient to withstand the motions for summary judgment. Because plaintiff has not sufficiently supported the need for additional discovery and because she has filed answers to the summary judgment motions of Hess and Ackerman, I will proceed to rule on those motions.

## II. Discussion

### A. The Summary Judgment Motions
*Standard for Summary Judgment*

Under Federal Rule of Civil Procedure 56, summary judgment should be entered if "there is no genuine issue as to any material fact and [the] moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial— whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. In ruling on a motion for summary judgment, the court must consider the evidence in the light most favorable to the non-moving party, *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986); however, the non-moving party must present some "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511.

### *Defendant Ackerman*

■ Gambrell's claims against Judge Ackerman in this case are clearly barred by the doctrine of res judicata. The doctrine of res judicata "provides that when a final judgment has been entered on the merits of a case, 'it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877)). Res judicata, also known as claim preclusion, "gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised." *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1070 (3d Cir.1990). Once a final judgment has been entered, it "puts an end to the cause of action, which cannot again be brought into litigation between the parties on any ground whatever." *Nevada v. United States,* at 130, 103 S.Ct. at 2918 (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)). The purpose of the doctrine is "to secure the peace and repose of society by the settlement of matters capable of judicial determination," *Id.* at 129, 103 S.Ct. at 2917 (quoting *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897)).

In this circuit, res judicata, or claim preclusion, will bar a subsequent action where there has been "(1) a final judgment on the merits; (2) a prior suit involving the same parties or their privies; and (3) a subse-

quent suit based on the same cause of action." *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1086 (3d Cir.1988); *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir.1984). With respect to defendant Ackerman, the first two prongs of the test are clearly satisfied. This is the fourth time he has been sued by Gambrell. There has been a final judgment in Ackerman's favor in each of the previous three suits.

Moreover, it is also apparent that the third prong is satisfied. In *United States v. Athlone Industries, Inc., supra,* the Third Circuit Court of Appeals stated that there was no "precise definition of a cause of action," and that there was no "one magic formula or test" for determining if successive suits were based on a single cause of action. *Id.* at 984. It did note, however, that the inquiry focuses on the "essential similarity of the underlying events giving rise to the various legal claims." *Id.* The "focal points" of the analysis "are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *Id.*

The complaint in this action alleges that Judge Ackerman, in combination with the other defendants, in some way fraudulently or improperly disposed of her Title VII action over which he presided. Each of the Gambrell's three previous actions against Judge Ackerman were quite clearly based on the same events and make substantially the same allegations. Judge Debevoise noted in *Gambrell II,* that the complaint in that action was "obviously for the same conduct about which she complained in [*Gambrell I* ]." *Gambrell II,* Opinion and Order of July 19, 1984 at 2. The complaint in this, Gambrell's fourth action based on the dismissal of her Title VII case, is no different. It is also quite obviously based on the same conduct about which she complained in the previous three actions. Moreover, the fact that the relief sought by Gambrell has differed from case to case does not alter the conclusion that all her actions are based on the same cause of

action. *United States v. Athlone Industries, Inc.,* 746 F.2d at 984; *Clemens v. Central Railroad Company of New Jersey,* 399 F.2d 825, 828 (3d Cir.1968), *cert. denied,* 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969). Gambrell's claims against Judge Ackerman are thus barred by the doctrine of res judicata and cannot be relitigated.

■ Gambrell appears to be arguing that res judicata should not apply, because the earlier judgments were in some way "changed" by the disciplinary action taken by the New Jersey Supreme Court against her former attorney. Affidavit of January 29, 1991 at 2. While it is true that res judicata may not apply to a subsequent action in instances in which there has been an intervening change in the law or significant facts, *see e.g. Commissioner v. Sunnen,* 333 U.S. 591, 599–602, 68 S.Ct. 715, 720–21 (1948); *State Farm Mutual Automobile Insurance Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812 (1945), that is not the case here.

The Supreme Court of New Jersey took disciplinary action against Arthur N. Martin, Jr. on the basis of his actions in a number of matters, including his handling of Gambrell's Title VII action. The court adopted the findings of the Disciplinary Review Board that Martin engaged in grossly negligent and unethical conduct in the handling of Gambrell's Title VII case, but did not state or even suggest that he had engaged in a conspiracy with Judge Ackerman or anyone else. *See In the Matter of Arthur N. Martin, Jr.,* 118 N.J. 239, 571 A.2d 288 (1990) at 5–7. These findings are entirely consistent with the disposition of her earlier cases and do not constitute a change in any significant fact in this case. Judge Sarokin and Judge Biunno both noted that Gambrell may well have a claim for malpractice against her former attorney. His misconduct, however, does not provide Gambrell with a sufficient basis for a civil rights action.

■ Moreover, even if the actions of the New Jersey Supreme Court did in some way constitute a change in the law or facts

governing Gambrell's civil rights action, they would not alter the fact that Judge Ackerman is absolutely immune to damage claims arising from acts he performed as a judicial officer. *See Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Turack v. Guido,* 464 F.2d 535, 536 (3d Cir.1972). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Stump v. Sparkman* 435 U.S. at 356–357, 98 S.Ct. at 1104–05 (quoting *Bradley v. Fisher,* 13 Wall. at 351).

■ The doctrine of absolute judicial immunity applies even when a complaint alleges that the judge acted corruptly, *Glick v. Gutbrod,* 782 F.2d 754, 756 (7th Cir.1986) (per curiam), and complaints against judges alleging fraud and conspiracy in the handling of cases have been uniformly dismissed for that reason. *See Darr v. Wolfe,* 767 F.2d 79, 80 (3d Cir.1985); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (en banc); *Van Sickle v. Holloway,* 791 F.2d 1431, 1434 (10th Cir.1986); *Glick v. Gutbrod, supra.*

The complaint in this action seeks damages for Judge Ackerman's alleged wrongdoing while presiding over Gambrell's Title VII case. Because he was clearly acting in his judicial capacity in dismissing the Title VII action, Judge Ackerman is immune from the damage claims in this action and entitled to summary judgment thereon.

### Defendant Hess

■ Despite the fact that defendant Hess was not a party to *Gambrell I,* the judgment in that case nonetheless bars Gambrell's claims against him in this case. Although the Third Circuit Court of Appeals continues to include the requirement that for res judicata to apply, the prior suit must have been between the parties to the present suit or their privies, *see Napier v. Thirty or More Unidentified Federal Agents,* 855 F.2d at 1086; *United States v.*

*Athlone Industries,* 746 F.2d at 983, it has broadened the concept in such a way that Hess is entitled to take advantage of the judgment in *Gambrell I.*

In *Gambocz v. Yelncsics,* 468 F.2d 837 (3d Cir.1972), the plaintiff brought an action against several alleged conspirators. Following the dismissal of the action with prejudice, the plaintiff brought a second action naming additional defendants who allegedly participated in the same conspiracy. Apart from the naming of different defendants, the material facts of the two actions were identical. Relying on *Bruszewski v. United States,* 181 F.2d 419 (3d Cir.), *cert. denied,* 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950), the court held that res judicata barred the second action even as to those defendants who were not parties to the first action. It held that "res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Id.* 468 F.2d at 841. It found that where the first action alleged the existence of a conspiracy involving certain individuals and

> the sole material change in the later suit was the addition of certain defendants, some of whom had been named in the original complaint as participating in the conspiracy but had not been had been named as parties defendant at that time ... the relationship of the additional parties to the second complaint was so close to parties to the first that the second complaint was merely a repetition of the first cause of action and, therefore it is barred by the application of [res judicata].

*Id.* 468 F.2d at 842.

The reasoning of *Gambocz* makes it clear that defendant Hess is entitled to summary judgment in the instant case. The conspiracy about which Gambrell complains in the instant case was allegedly intended to fraudulently dispose of her Title VII action against the Amerada Hess Corporation, and is quite obviously the same one alleged in her previous actions. Although the complaint in this case does

not repeat the averments of *Gambrell I* verbatim, the only material difference is the addition of Hess as a party defendant and the elimination of other formerly named defendants. All four of Gambrell's previous actions relating to the dismissal of her Title VII case have been dismissed with prejudice. She cannot now relitigate this cause of action by substituting another defendant. Summary judgment will therefore be entered in favor of defendant Hess.

## Statute of Limitations

■ Apart from the doctrine of res judicata, it is also clear that Gambrell's claims are barred by the applicable statute of limitations. The complaint in essence alleges that the defendants conspired to deny her civil rights. Although she does not cite any specific federal statute as providing the basis for her claim, such a claim is cognizable under 42 U.S.C. § 1985(3).[2] In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the state statute of limitations for personal injury actions applies to claims under 42 U.S.C. § 1983. In *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Third Circuit Court of Appeals held that the personal injury statute of limitations of the forum state also governs actions brought under 42 U.S.C. § 1981, stating that "the desirability of uniformity, certainty, and minimization of litigation prior to reaching the merits—are best served by applying the same statute of limitations to all of the Reconstruction Civil Rights Cases." *Id.* 777 F.2d at 120. In *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79 (3d Cir.1989), the Third Circuit held that the applicable state personal injury statute of limitations also governs claims under section 1985(3).

The statute of limitations for personal injury actions in New Jersey is two years. N.J.S.A. 2A:14–2. A cause of action for a civil rights violation accrues at the time the plaintiff knows or should know of the violation. *Bougher v. University of Pittsburgh* at 80. Gambrell obviously knew of the alleged violation in 1982, the time at which she filed the complaint in *Gambrell I*, claiming conspiracy and fraud in the dismissal of her Title VII action. The instant case, filed more than nine years after the dismissal of her Title VII action is thus patently time-barred.[3]

## Defendant Martin

Defendant Martin has not answered the complaint or filed any other pleading or motion in this matter. Gambrell has re-

---

**2.** The only reference to federal law in the complaint is contained in a section entitled "Jurisdiction" which reads in relevant part as follows: "Jurisdiction is based upon plaintiff's claim that a Federal Law has been violated and some Federal Questions involved: federal law 28 U.S.C. [§] 1331, 42 U.S.C. [§] 2000(e)-5F(3), exhausted remedies have been with the Equal Employment Opportunity Commission (EEOC) 28 U.S.C. [§] 1391 and the violation of plaintiff's civil rights." 28 U.S.C. §§ 1331 and 1391 are of course the sections governing general federal question jurisdiction and venue and not in themselves sources of a cause of action. As noted above, plaintiff's reference to violation of her civil rights and conspiracy on the part of the defendants sets forth a cause of action under 42 U.S.C. 1985(3). Although she makes reference to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f), I do not construe the complaint as seeking relief under that statute. The factual allegations of the complaint purport to set forth a cause of action for conspiracy to dismiss her previous Title VII action. In any case, it is clear that to the extent this complaint does seek relief under Title VII, such claims would be barred under res judicata principles as a result of the dismissal of her previous Title VII case, and by the limitations period applicable to Title VII cases.

**3.** The applicable state personal injury statute of limitations mandated by *Wilson v. Garcia* and *Goodman v. Lukens Steel Co.* will not be applied retroactively to cases arising before those decisions if there was clear precedent specifying a different limitations period upon which the plaintiff could rely. *See e.g. Al–Khazraji v. Saint Francis College*, 784 F.2d 505, 512–514 (3d Cir.1986), *aff'd*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). However, even if Gambrell's claim could be characterized as arising under 42 U.S.C. § 1981, as she has alleged in earlier actions, so that the six-year contract statute of limitations applied to section 1981 claims before *Goodman* was decided, *see Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 902 (3d Cir.1977), would apply to her case, it would still be time-barred, as her case was filed more than nine years after any possible cause of action accrued.

quested that a default be entered against Martin. As was noted above, this case was assigned to me because a judicial officer of the United States District Court for the District of New Jersey was named as a party defendant. As a result of the disposition of the outstanding motions before me, no judicial officer remains as a party to this case. However, the resolution of the motions of the defendants for sanctions will necessarily require further proceedings before me. Although Martin's failure to plead or otherwise defend this action may entitle Gambrell to a default, the motion for a default will be held in abeyance pending the resolution of the motions involving the imposition of sanctions against Gambrell.

### B. Injunction Against Further Actions

■ Defendant Hess has moved for an order enjoining Gambrell from bringing any further actions against himself or others pertaining to the subject of the termination of her employment from the Amerada Hess Corporation. Defendant Ackerman has also suggested the need for such an injunction.

It is within the power of the district courts to enjoin the filing of meritless actions "where the pleadings raise issues identical or similar to those that have been adjudicated." *Matter of Packer Avenue Associates*, 884 F.2d 745, 747 (3d Cir.1989). Such injunctions should, however, be "narrowly tailored and sparingly used," *id.*, as " 'access to the courts is a fundamental tenet to our judicial system; [and] *legitimate* claims should receive a full and fair hearing no matter how litigious the plaintiff may be.' " *Abdul–Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.1990) (quoting *In Re Oliver*, 682 F.2d 443, 446 (3d Cir.1982)) (emphasis in original). An order enjoining the filing of further pleadings is appropriate where a litigious plaintiff has filed numerous "repetitious, frivolous and even malicious" actions, and the court is "confronted with a pattern of conduct from which it can only conclude that a litigant is

intentionally abusing the judicial process and will continue to do so unless restrained." *Id.* 901 F.2d at 332, 333. *See also Matter of Packer Avenue Associates, supra; Chipps v. United States District Court for the Middle District of Pennsylvania*, 882 F.2d 72 (3d Cir.1989); *In Re Oliver, supra.*

The history of litigation involving Gambrell's termination of employment and the subsequent dismissal of her Title VII action reveals that this is an appropriate case for such an injunction. Gambrell has filed six separate actions relating to either her termination from employment or the dismissal of her Title VII action. She has also twice unsuccessfully sought to have the Title VII action reinstated. Several defendants have been sued numerous times. All of her actions have been dismissed with prejudice and she has been assessed the costs of one of the appeals. Several judges have explained that she simply cannot relitigate the issues decided against her in her previous actions, but she has nonetheless continued to file new actions reasserting the same claims. On at least two occasions her response has been to include the judge who rendered the most recent adverse decision as a defendant in her next lawsuit. This pattern of filing meritless, repetitive actions ties up the court's limited resources "to the detriment of other litigants." *Abdul–Akbar v. Watson*, 901 F.2d at 332.

The Third Circuit Court of Appeals has required that before an individual may be enjoined from filing further litigation he or she must be afforded notice and the opportunity tc respond. The motion of defendant Hess put Gambrell on notice that an injunction was being sought in this action. In her response Gambrell acknowledged her awareness that defendants sought to enjoin her from filing further claims against them, but offered no reasons as to why such an injunction should not issue. Moreover, in her Affidavit of February 4, 1991, Gambrell indicates that she intends to continue filing actions against Judge Ackerman.[4] In *Chipps, supra*, the court found

---

4. Specifically, she states that she "will seek every legal channel if necessary to have Harold Ackerman removed." Affidavit of February 4, 1991 at 2.

that such an expressed intention on the part of the plaintiff, "fully supported the District Court's conclusion that some restriction on [the plaintiff's] litigating opportunities was required." *Id.*, 882 F.2d at 73.

Because I find that Gambrell has evidenced a history of meritless litigation pertaining to the dismissal of her Title VII action against the Amerada Hess corporation and has also expressed an intention to continue filing such litigation, an appropriate injunction will be issued. Because an injunction is an extreme remedy, it will be narrowly tailored. *See Abdul–Akbar v. Watson*, 901 F.2d at 333; *Matter of Packer Avenue Associates*, 884 F.2d at 747; *Chipps v. United States District Court*, 882 F.2d at 73. Gambrell will be enjoined from filing further civil actions pertaining to the termination of her employment from the Amerada Hess Corporation or the dismissal of her Title VII action without first obtaining leave of court. In accordance with the instructions of the Third Circuit in *Abdul–Akbar, supra*, in seeking leave of court to file further actions, she must certify (1) that the claims she wishes to present are new claims and have not been raised and disposed of on the merits by any federal court, (2) that she believes the facts alleged in any complaint she files are true and (3) that she knows of no reason to believe her claims are foreclosed by controlling law. *Id.*, 901 F.2d at 333. Should plaintiff fail to provide such a certification or provide a false certification she may be found in contempt of court and punished accordingly.

### C. Rule 11 Sanctions

■ Both Hess and Ackerman have moved for the imposition of sanctions in the form of an award of costs and attorney's fees against Gambrell pursuant to Federal Rule of Civil Procedure 11. Under Rule 11, a party who signs a pleading certifies that it is "to the best of the signer's knowledge, information and belief formed after reasonable inquiry ... well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R.Civ.P. 11. Appropriate sanctions, which may include "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing ... including a reasonable attorney's fee," *id.*, are to entered against a party who signs a pleading in violation of this rule.

The primary purpose of the imposition of sanctions under Rule 11 is "deterrence of abuses of the legal system." *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). An award of fees should only be made where "a claim or motion is patently unmeritorious or frivolous," and lesser sanctions are inadequate to "deter the undesirable behavior." *Id.* It is clear that Rule 11 applies to pro se litigants, and that sanctions, including fees may be imposed upon pro se litigants in the appropriate situation. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (per curiam); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987); *Moeller v. United States*, 127 F.R.D. 160, 164 (W.D.Ark.1989), *aff'd without opinion*, 909 F.2d 509 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 151, 112 L.Ed.2d 117 (1990).

As was noted above, this action is nearly identical to the three previous actions filed by Gambrell, all of which were dismissed. Judge Ackerman has been forced to defend four vexatious and harassing lawsuits relating to his handling of *Gambrell I.* This is also the fourth filing involving the Amerada Hess Corporation or parties closely associated with it. Plaintiff should now be well aware of the doctrines of judicial immunity and res judicata, and cannot argue that her "ignorance of the law or legal procedures" excuses the filing of a frivolous lawsuit.[5] *Kurkowski v. Volcker* 819 F.2d at 204. Moreover, given her ten year

---

**5.** Gambrell in fact acknowledges her awareness of the doctrine of judicial immunity in her complaint, which includes the following statement:

"plaintiff realizes that Judges are sometimes immuned [sic] from liability." Complaint at 2.

history of suing anyone remotely connected with the adverse decisions in her prior actions, it does not appear that lesser sanctions will adequately serve the deterrence purposes of Rule 11. Gambrell will therefore be ordered to pay the reasonable costs and attorney's fees incurred by the defendants in defending this action. Defendants are to submit appropriate documentation of costs and fees in this matter.

In *Doering v. Union County Board of Chosen Freeholders, supra,* the Third Circuit Court of Appeals instructed that in imposing sanctions under Rule 11, district courts are to consider equitable factors, including the relative wealth of the parties and the sanctioned party's ability to pay. *Id.,* 857 F.2d at 195–96. Gambrell will therefore be afforded the opportunity to submit a memorandum detailing any mitigating factors that may exist.