947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew DANIELS, Plaintiff-Appellant,
v.
NATIONAL CITY BANK; Central Trust Bank; Chex Systems,
Defendants-Appellees.
 No. 91-3223.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1991.
 
 Before KEITH and RYAN, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se Ohio plaintiff appeals the district court's orders dismissing his civil complaint brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, and awarding sanctions to defendants under Fed.R.Civ.P. 11. He requests an award of sanctions pursuant to Fed.R.App.P. 38. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Andrew Daniels claimed that defendants violated his constitutional rights and rights guaranteed by the Fair Credit Reporting Act ("the Act"). He alleged first that National City Bank ("National City") disclosed false and misleading information to a credit bureau and deprived him of insurance proceeds for his stolen van without due process. Second, he alleged that Central Trust Bank ("Central Trust") reported to a consumer reporting agency false information concerning a checking account closed for fraud. Third, Daniels alleged that the consumer reporting agency, Chex Systems, failed to maintain a reasonable procedure to verify the accuracy of information, as required by statute.
 
 
 3
 Upon review, we conclude that the district court properly granted the motions to dismiss under Fed.R.Civ.P. 12(b)(6). It appears beyond doubt that Daniels can present no facts showing he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). We further conclude that the district court did not abuse its discretion by granting the motion for involuntary dismissal because, upon the facts and law, Daniels did not show that he was entitled to relief. See Fed.R.Civ.P. 41(b).
 
 
 4
 First, Daniels failed to state a claim against the banks because banks are not "consumer reporting agencies" within the meaning of the Act. See 15 U.S.C. § 1681a(d), (f); Smith v. First National Bank of Atlanta, 837 F.2d 1575, 1579 (11th Cir.) (per curiam), cert. denied, 488 U.S. 821 (1988). Daniels failed to state a claim for a violation of his civil and constitutional rights because National City is not a state actor. See Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961). There is simply no cause of action for a private violation of constitutional privileges in the absence of state action. Id.
 
 
 5
 Second, the district court did not abuse its discretion when it granted Chex System's motion for involuntary dismissal under Fed.R.Civ.P. 41(b). As noted by the district court, liability under the Act does not flow from showing the information is inaccurate, but from a determination that the consumer reporting agency failed to maintain reasonable procedures to assure the accuracy of its reports. Bryant v. TRW, Inc., 689 F.2d 72, 78 (6th Cir.1982). Facts developed in the record do not show that the verification procedures were unreasonable.
 
 
 6
 Third, the district court did not abuse its discretion by granting defendants' motions for sanctions under Fed.R.Civ.P. 11. Under the circumstances shown in this case, an award of Rule 11 sanctions is not an abuse of discretion. See Moeller v. United States, 127 F.R.D. 160, 162-64 (W.D.Ark.1989), aff'd, 909 F.2d 509 (8th Cir.), cert. denied, 111 S.Ct. 151 (1990). Moreover, Daniels has not shown that the fees and costs awarded to defendants were unreasonable. See Jackson v. Law Firm of O'Hara, Ruberg, Osborn and Tyler, 875 F.2d 1224, 1229 (6th Cir.1989).
 
 
 7
 Daniel's remaining arguments on appeal lack merit. Moreover, he has failed to demonstrate that he is entitled to an award of sanctions under Fed.R.App.P. 38.
 
 
 8
 Accordingly, the request for sanctions on appeal is denied. The district court's orders dismissing the action and awarding sanctions to defendants are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation