Joseph MALLON, God

v.

Honorable John R. PADOVA.

Joseph MALLON, God

v.

HARVARD LAW SCHOOL.

Joseph MALLON, God

v.

PHILADELPHIA.

Joseph MALLON, God

v.

PENNSYLVANIA REAL ESTATE.

Joseph MALLON, God

v.

PRETENDERS.

Joseph MALLON, God

v.

CHEVAL MUSIC.

Joseph MALLON, God

v.

UNITED STATES PRESIDENCY
OF GEORGE BUSH.

Joseph MALLON, God

v.

The HYNDES.

Joseph MALLON, God

v.

The PEOPLE OF ENGLAND.

Joseph MALLON, God

v.

Chrissie (Hynde) MALLON.

Joseph MALLON, God

v.

UNITED STATES.

Civ. A. Nos. 92–5825, 92–5885 to 92–5887,
92–5889, 92–5890, 92–5982, 92–5891 to
92–5893 and 92–5981.

United States District Court,
E.D. Pennsylvania.

Oct. 26, 1992.

Herbert G. Keene, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for U.S. Presidency of God.

Joseph Mallon, pro se.

## MEMORANDUM AND ORDER

ROBRENO, District Judge.

Joseph Mallon, who purports to be God and the President of the United States ("Mallon"), has filed fourteen lawsuits in this Court, eleven of which are still pending. In all cases, Mallon has sought to proceed in forma pauperis. The cases were transferred to my docket by Order of Chief Judge Louis C. Bechtle dated October 23, 1992. Among the individuals and entities named by Mallon as defendants in the various lawsuits are the United States, the U.S. Attorney's Office, Philadelphia, Harvard Law School, the People of England and the rock group the Pretenders. I have reviewed the filing of papers in each case and find each action to be frivolous in that each lacks any arguable basis in law or in fact.[1] Regardless of whether the filings are malicious or simply the result of a hallucinating mind, the cumulative effect of their frequency in number and proximity in time is to force the court to spend valuable resources in time and personnel disposing of them. Based on this recent experience, there is no reason to believe this pattern of filing will not continue in the future.

Frivolous filings tie up the court's limited resources to the detriment of other litigants. *Abdul–Akbar v. Watson,* 901 F.2d 329, 332 (3d Cir.), *cert. denied,* 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 196 (1990). While the district court has the power under 28 U.S.C. § 1915(d) to dismiss a frivolous complaint by litigants proceeding in forma pauperis immediately after it has been filed and prior to service of process, "a frivolous complaint is one thing; a continuing abuse of process is another". *Id.,* 901 F.2d at 333. In cases of frequent frivolous filings, the Third Circuit has recognized the power of the district court to condition further filings upon the litigant obtaining prior approval of the district court. *See Abdul–Akbar supra; In re Matter of Packer Avenue Associates,* 884 F.2d 745 (3d Cir.1989).

Because "[a]ccess to the court is a fundamental tenet of our judicial system, [and] legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be", *Abdul–Akbar,* 901 F.2d at 332, *citing In re Oliver,* 682 F.2d 443,

---

**1.** No legally cognizable thread or grievance appears to run through this body of multiple filings.

446 (3d Cir.1982), "such an injunction should be narrowly tailored and rarely used." *Packer Avenue*, 884 F.2d at 788 (citations omitted).

Both *Abdul–Akbar* and *Packer Avenue* limited the injunction to certain types of litigation, § 1983 in the former and the bankruptcy case at issue in the latter. Additionally, the Third Circuit has held that under certain circumstances, an individual should be provided with an opportunity to respond before he or she may be enjoined from commencing further litigation. *Oliver, supra*, 682 F.2d at 446. *See also Gambrell v. Hess*, 777 F.Supp. 375, 383 (D.N.J.1991). I will now apply these principles to the instant matter.

■ Because I find that Mallon is intentionally abusing the judicial system and will continue to do so unless restrained, *Abdul–Akbar*, 901 F.2d at 333, I have entered on this date a temporary restraining order enjoining the filing of any paper purporting to start a new action unless each such paper receives prior approval by this Court. *See* 28 U.S.C. § 1651(a) ("All Writs Act"). Such approval shall be predicated upon Mallon filing a certification or attestation stating: "(1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law". *Abdul–Akbar*, 901 F.2d at 333. Upon failure to so certify or upon a false certification, Mallon may punished by contempt. *Id.*

■ Because injunctive relief that bars the doors to the courthouse to *all* potential claims (not just to certain types of claims) "should be narrowly tailored and rarely used", *Packer Avenue Associates*, 884 F.2d at 788, and noting the Third Circuit's requirement of providing litigants with an opportunity to be heard, under certain circumstances, prior to enjoining future court filings, *Oliver*, 682 F.2d at 446, I will set the matter for hearing on a rule to show cause why the temporary restraining order should not be made permanent for 9 days from today. Fed.R.Civ.P. 65(b).

■ Suspecting from a review of the pleadings filed by Mallon that these filings could well be a product of a hallucinating mind and that in the absence of counsel a hearing on the matter will be unenlightening as to the issues discussed in this memorandum, I am under separate order today, appointing counsel for the limited purpose of representing Mallon's interest on the issues of whether permanent injunctive relief is warranted in this case and, if so, the scope the relief should take.

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 26th day of October, 1992, IT IS ORDERED that:

1. Plaintiff Joseph Mallon is hereby temporarily restrained from filing any papers purporting to initiate new claims without approval of this Court. The Court will consider granting such approval only upon Mallon's filing of a certification or attestation that: a) the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court, b) Mallon believes the facts alleged in the complaint to be true, and c) Mallon knows of no reason to believe that his claims are foreclosed by controlling law. Mallon may be subject to punishment by contempt if he initiates a new action without such a certification or submits a false certification.

2. The Clerk is directed to mark any papers submitted by Mallon as "Received," and shall direct same to my attention.

3. Mallon is directed to show cause as to why this temporary restraining order should not become permanent. A hearing on this issue will be held on Tuesday, November 3, 1992 at 10:00 a.m. in Courtroom 7A, United States Courthouse, 601 Market Street, Philadelphia, PA.

## ORDER

AND NOW this 26th day of October, 1992, in connection with the matters which are the subject of a hearing on November 2, 1992 at 10 A.M. on a Rule to Show Cause Why a Temporary Restraining Order Should Not Become Permanent and for no other purpose, It is ORDERED

Herbert G. Keene Jr., Esquire and the law firm of Stradley, Ronon, Stevens & Young of 2600 One Commerce Square, Philadelphia, Pa. are appointed to represent the interest of plaintiff Joseph Mallon. Nothing herein shall prevent plaintiff Joseph Mallon from being represented by other counsel as well or to appear pro se in this action.

It is so ORDERED.