Andrew F. GLICK and Susanne M. Glick, his wife; and Andrew F. Glick, a trustee of the River City Family Trust, Plaintiffs-Appellants,

v.

John S. GUTBROD, et al.,
Defendants-Appellees.

No. 85–1708.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 1985.*

Decided Jan. 30, 1986.

Andrew F. Glick, Whitelaw, Wis., Bronson C. LaFollette, Atty. Gen., James H.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Plaintiffs-appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

McDermott, Asst. Atty. Gen., Madison, Wis., for plaintiffs-appellants.

Thomas R. Schrimpf, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

*Pro se* plaintiffs-appellants Andrew F. and Susan M. Glick filed an action against defendants John S. and Marian L. Gutbrod, Oliver T. Skrivanie, Jerome L. Fox, and Judge Fred H. Hazlewood, alleging that they were guilty of 1) conspiring to deprive appellants of their constitutional rights under 42 U.S.C. §§ 1983, 1985 & 1986, 2) violating the Racketeer Influenced And Corrupt Organizations Act (RICO) under 18 U.S.C. § 1961 *et seq.*, and 3) wrongfully interfering with the use of their land pursuant to a "federal land patent." When the district court denied appellants' motion for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the appellants moved to have another judge hear that motion. The court denied this motion, and the appellants then named the presiding district court judge, Judge Robert W. Warren, as a co-defendant in an amended complaint. This amended complaint was summarily dismissed by the court. We affirm.

I

In considering the propriety of the district court's dismissal of this action, we must accept the well-pleaded factual allegations of the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101, 1104 (7th Cir.1984), *cert.*

*denied*, —— U.S. ——, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). We are, of course, not bound by the plaintiffs' legal characterizations of the facts. *See Prudential Insurance Company v. Sipula*, 776 F.2d 157, 159 (7th Cir.1985); *Car Carriers*, 745 F.2d at 1106–07. A brief recital of the factual background of this case is necessary to understand what the district court characterized as "the vexatious tactics undertaken by plaintiffs." [1] *Glick v. Gutbrod*, No. 85 C 403, *Decision and Order* at 5 (E.D.Wis. Apr. 11, 1985) [hereinafter cited as Order].

Andrew and Susan Glick purchased land from John and Marian Gutbrod on March 28, 1978. This sale was made pursuant to a land contract, the terms of which provided that the Glicks would pay all real estate taxes. When the Glicks failed to pay these taxes, the Gutbrods began a strict foreclosure action against them on June 5, 1984. The Gutbrods were assisted by their attorney, defendant Oliver T. Skrivanie. Earlier, on March 11, 1984, in the Circuit Court of Manitowoc County, Wisconsin, Judge Fred H. Hazlewood had granted the Gutbrods' motion for summary judgment on the foreclosure action. He also issued a writ of assistance to put the Gutbrods in possession of their land. On appeal, the Wisconsin Court of Appeals affirmed the decisions on February 8, 1985, and the Wisconsin Supreme Court subsequently denied the petition for review.

Appellants filed suit on March 18, 1985 against the Gutbrods, Skrivanie, Judge Hazlewood, and Jerome L. Fox, the attorney retained by Skrivanie for the appellate argument, seeking damages of $28,268,011.64. The district court denied appellants' motion for a preliminary injunction on March 27, 1985; refused appellants' request for reconsideration and appellants'

---

1. We note that appellants have failed to include (1) a statement of the true issue on review, *see* Fed.R.App.P. 28(a)(2), (2) a copy of the order of March 27, 1985 dismissing the complaint against defendant Hazlewood, *see* Fed.R.App.P. 30, and (3) a proper statement of the case, *see* Fed.R.App.P. 28(a)(3). Moreover, appellants' "rebuttal" brief contains nothing more than bib-

lical invectives against lawyers. While this court may hold a *pro se* litigant's briefs to a lower standard than those prepared by counsel, *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir.1985) (citing *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984)), appellants' brief is woefully inadequate.

motion for a new judge on April 11, 1985; *sua sponte* dismissed appellants' amended complaint on April 16, 1985; and denied appellants' motion for leave to proceed on appeal *in forma pauperis* on April 29, 1985. This appeal followed.

## II

The two issues for our consideration are: 1) whether the district court properly dismissed the action against Judge Hazlewood, and 2) whether the court properly dismissed the complaint as to all defendants on the basis of the abusive behavior by appellants.[2]

### A. *Judicial Immunity*

■ Courts in this country and England have embraced the doctrine of judicial immunity for centuries. *Stump v. Sparkman*, 435 U.S. 349, 355, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872). The doctrine is designed to give a judge the freedom to act upon his convictions without fear of personal consequences. *Stump*, 435 U.S. at 355, 98 S.Ct. at 1104 (quoting *Bradley*, 13 Wall 347, 80 U.S. at 347); *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1217–18. The doctrine applies even when the judge is accused of acting maliciously and corruptly. *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1217–18. Should a judge err through inadvertence or otherwise, a party's remedy is through the appellate process. *Id.* While Congress has the constitutional authority to abolish the immunity defense to any cause of action it creates, it chose not to do so when it passed section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, under which the Glicks sue. *Pierson*, 386 U.S. at 554–55, 87 S.Ct. at 1217–18.

Although solidly grounded in our jurisprudence, judicial immunity is not without

limits. The doctrine applies to damage claims, but not to suits seeking prospective relief, *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 1974–78, 80 L.Ed.2d 565 (1984), to judicial acts, but not to ministerial or administrative acts, *Stump*, 435 U.S. at 360, 98 S.Ct. at 1106; *Ex Parte Virginia*, 10 Otto 339, 100 U.S. 339, 348, 25 L.Ed. 676 (1879); *Lopez v. Vanderwater*, 620 F.2d 1229, 1233–34 (7th Cir.), *cert. dismissed*, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980), and only to acts taken over subject matter which lies within a judge's jurisdiction, *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104; *Lopez*, 620 F.2d at 1233.

The district court was fully satisfied that the actions by Judge Hazlewood—granting the Gutbrods' motion for summary judgment and issuing a writ of assistance to put the Gutbrods in possession—were within his judicial capacity and jurisdiction. *See Reed v. Village of Shorewood*, 704 F.2d 943, 951 (7th Cir.1983) ("[j]udges of course have absolute immunity from damage suits based on their judicial rulings"). Appellants have failed to allege anything more than an unsubstantiated conspiracy involving Judge Hazlewood, one which would be considered a non-judicial act if adequately proven. *Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir.1979). We believe that Judge Hazlewood's actions were judicial acts "normally performed by a judge[ ] and to the expectations of the parties," *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107, and were thus "cloaked with absolute judicial immunity." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir.1985).

### B. *Abuse of Process*

■ The district court held that the appellants' motions were "meant solely to harass the judiciary and opposing litigants in the wake of a legitimate ruling unfavorable to the movants' case." Order at 7. In reviewing the court's *sua sponte* decision

---

2. Appellants alleged five causes of action, each of which is without merit. The district court had the discretionary power to dismiss this frivolous complaint. *See* Rules 11 and 12(b)(6), Fed.R.Civ.P.; 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, Moore's Federal Practice ¶ 0.60[6] (2d ed. 1985). We have carefully reviewed all of the parties' contentions, and we decline to discuss the substance of appellants' unwarranted claims. *See United States v. Keplinger*, 776 F.2d 678, 705 n. 19 (7th Cir.1985).

to dismiss appellants' claims, we agree with both its reasoning and result.

We have long held that a court may use its discretionary power to dismiss cases involving parties who flagrantly disregard court orders and rules. *See Link v. Wabash Railroad Company*, 291 F.2d 542, 546 (7th Cir.1961), *aff'd*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). A review of the record of appellants' case demonstrates a clear pattern of abuse of the judicial process. Appellants have sued defendants' attorneys (Skrivanie and Fox) as well as the judges in the state court (Judge Hazlewood) and the federal court (Judge Warren) proceedings. While a dismissal "should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing," *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981), since appellants' behavior here reveals vexatious claims and "contumacious conduct," *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 888 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968), we hold that the district court could properly dismiss appellants' claims as to all defendants.[3]

Under Rule 38 of the Federal Rules of Appellate Procedure, we may award damages, including attorney's fees, and costs if an appeal is both frivolous and an appropriate case for the imposition of sanctions. *See Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir.1985); *Trecker v. Scag*, 747 F.2d 1176, 1179 (7th Cir.1984), *cert. denied,*— U.S. ——, 105 S.Ct. 2140, 85 L.Ed.2d 498 (1985); *Reid v. United States*, 715 F.2d 1148, 1154–55 (7th Cir. 1983). The conclusion that this appeal is frivolous seems inescapable. The suit in federal court was an attempt to vacate a prior correctly decided state court decision. On appeal, the appellants failed to provide any real legal or factual support for their arguments. Moreover, they have ignored the district court's encouragement for the appellants to secure competent legal counsel.

Our review of the briefs and record persuades us that this is vexatious litigation and an appropriate case for the imposition of sanctions. Appellants have alleged five meritless claims which include suits against two members of the judiciary. Although "[t]he doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts[,] ... we can no longer tolerate abuse of the judicial review process" by those who press frivolous appeals to harass. *Granzow v. Commissioner*, 739 F.2d 265, 269 (7th Cir.1984). Accordingly, we award defendants Fox, Skrivanie, and Judge Hazlewood their reasonable attorneys' fees incurred in defending this frivolous appeal in addition to the costs allowed by Rule 39 of the Federal Rules of Appellate Procedure. Defendants shall submit, within fifteen days of the date of this opinion, statements as to their legal expenses on appeal.

The judgment of the district court is AFFIRMED.

---

**3.** The court could also have imposed a fine as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure, which governs the signing of pleadings and motions. Such sanctions would have been warranted because of the obvious frivolity of appellants' motions.