951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Blanca KAVOURAS, Plaintiff/Appellant,
v.
Elizabeth L. MANSKY and James A. Mansky, Defendants/Appellees.
 No. 90-3322.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Blanca Kavouras filed a complaint against Elizabeth and James Mansky alleging that they made false statements about her, conspired with state actors to deprive her of her property, and deprived her of her privacy by causing certain articles to be published. The district court entered judgment against Kavouras.
 
 
 2
 The procedural history in the district court was involved. In its first order, the district court determined that it lacked subject matter jurisdiction under 28 U.S.C. § 1343 because Kavouras had not alleged facts to support a conspiracy claim under 42 U.S.C. § 1985 and under 28 U.S.C. § 1331 and because her defamation allegation was not a federal claim. The district court later permitted Kavouras to amend her complaint to allege diversity jurisdiction. She filed her amended complaint, to which the defendants answered and added their affirmative defenses and counterclaim. Kavouras filed a motion for summary judgment, with a brief and affidavit in support of her motion. The Manskys, who were proceeding pro se at that point, did not respond to the summary judgment motion. Neither party appeared at the final pre-trial conference.
 
 
 3
 The district court judge considered the submissions by Kavouras in support of her summary judgment motion and found that she was presently pursuing only her state law claims of libel, slander and invasion of privacy. The district court found that the allegedly defamatory statements made by the Manskys in September, October, and November, 1986 were barred by the statute of limitations. Wis.Stat. § 893.57. He also found that Kavouras was not entitled to summary judgment for the statements made within the statute of limitations period.[1] In addition to denying Kavouras' motion for summary judgment, the district court judge dismissed Kavouras' case without prejudice for failure to prosecute[2] and dismissed the Manskys' counterclaim with prejudice for failure to prosecute. On September 17, 1990, the district court dismissed Kavouras' case with prejudice on the basis of the Manskys' affirmative defense of the statute of limitations.
 
 
 4
 Both parties are pro se on appeal. Kavouras asks us to review all of the district court orders that were entered against her. On appeal, she continues to press the merits of her claim and argues that the weight of the evidence clearly shows that the Manskys were involved in a continuous pattern of conduct in concert with state actors to deprive her of her constitutional rights.[3] She contends on appeal that she is entitled to judgment as a matter of law and asks this court to reverse the district court's judgment.
 
 
 5
 As a preliminary matter, we note that Kavouras' brief does not satisfy the requirements of Federal Rule of Appellate Procedure 28(a)(4), which "requires that an appellant's argument 'contain the contentions of the appellant with respect to the issues presented, and the reasons, therefor, with citations to the authorities, statutes and parts of the record relied on.' " John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990) (quoting Fed.R.App. P. 28(a)(4)). We have warned litigants that "we shall not hesitate to dismiss an appeal due to poorly prepared and researched briefs." Smith v. Town of Eaton, Ind., 910 F.2d 1469, 1471 (7th Cir.1990). Although this court does not hold pro se litigants to the same standard to which it holds counseled litigants, Glick v. Gutrod, 782 F.2d 754, 755 n. 1 (7th Cir.1986), we have warned pro se litigants that "this court may dismiss an appeal where the brief submitted contains no identifiable argument." McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984); see also Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489 (7th Cir.1989) (dismissing the appeal where the pro se brief neither cited any legal authority nor specified any error in the district court's decision).
 
 
 6
 Kavouras asks this court to determine her issues. While we can glean her basic contentions from her brief and from the record, we find that Kavouras essentially states that the district court was wrong, without the development of any legal argument. United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990) (this court has no duty to construct legal arguments for litigants). Moreover, she cites no authority for her position. Federal Rule of Appellate Procedure 28(a)(4) requires litigants to cite to relevant authorities in support of their arguments. United States v. Papia, 910 F.2d 1357, 1363 (7th Cir.1990). We have stated that "[a] litigant who fails to press a point by supporting it with pertinent authority ... forfeits the point." Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) (the court will not do a party's research).
 
 
 7
 We note that Blanca Kavouras is a frequent filer in this court and that we have previously reached the merits of her cases when her briefs have been as inadequate as the one she has presented on this appeal. However, her reliance on this court to determine the issues for appeal and infer her arguments simply on the basis that she contends that she is right will no longer be tolerated.
 
 
 8
 The district court found that all of Kavouras' evidence of defamation was either barred by the statute of limitations or did not entitle her to summary judgment. Kavouras has not given this court a legal argument why the dismissal was not correct. Consequently, this appeal is DISMISSED for noncompliance with Federal Rule of Appellate Procedure 28(a)(4).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 As witnesses at trial, the Manskys were entitled to absolute immunity. Briscoe v. La Hue, 460 U.S. 325 (1983). Kavouras argued that the Manskys made defamatory statements to an attorney with the sole purpose of aiding him to put her in a false light before the United States District Court in another case. However, the only proof that allegedly defamatory statements were made to an attorney was in an unsigned affidavit which was also insufficient. See DeBruyne v. Equitable Life Assurance Soc'y of the U.S., 920 F.2d 457, 471 (7th Cir.1990) (citing Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985)) (unsworn affidavit does not meet the requirements of Federal Rule of Civil Procedure 56(e)). Finally, the district court found that the newspaper articles, which Kavouras claims the Manskys caused to be published in order to defame her, made no reference to the Manskys or to statements made by them, and thus the Manskys could not be held liable for them
 
 
 [2]
 Kavouras filed a timely motion to reinstate her case on the basis that she was told that the conference had been canceled. The district court denied this motion on September 13, 1990, stating that even if she had been at the pretrial conference, she had no claims left to pursue
 
 
 [3]
 Kavouras also argues that the district court erred in not sanctioning the Manskys under Federal Rule of Civil Procedure 11 as per her request in her response to the counterclaim. Kavouras neither filed a motion for Rule 11 sanctions nor supported her allegation that the counterclaim was groundless with any facts. In any event, on this record, the district court did not abuse its discretion by not sanctioning the Manskys. Cf. Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1084 (7th Cir.1987) (a district court must take a motion for sanctions seriously; however, when the motion is foolish, "the judge need not belabor the obvious")