986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Asa Mae SUN, a minor daughter, and Abraham David Sun, her
natural guardian, Plaintiffs/Appellants,
v.
Ted SCHONFELD (deceased), and Dorothy Schonfeld, Defendants/Appellees.
 No. 90-3492.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 3, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Abraham Sun, acting on behalf of his minor daughter, sued the appellees to recoup his losses from a real estate deal. The district court dismissed the complaint for lack of personal jurisdiction,[1] and we affirm for the reasons stated in the attached district court order.
 
 
 2
 Sun has also appealed the district court's denial of his motion to compel the Federal Bureau of Investigation ("FBI") to produce documents in its files that concern the Schonfelds. The district court summarily denied Mr. Sun's motion on the ground that he had failed to indicate the relevance of the documents to his claim. The motion merely identified the requested documents as a "fake document" and a "fake statement" that the plaintiff "need[ed] to present to the court for file." Mr. Sun's appellate brief is inadequate with respect to the district court's ruling on the motion to compel in that it does not "contain the contentions of the appellant with respect to the issues presented, and the reasons, therefor, with citations to authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(5). While the briefs of pro se litigants are not held to the same standard as those by counseled litigants, Glick v. Gutbrod, 782 F.2d 754 n. 1 (7th Cir.1986), we have warned pro se litigants that we may dismiss an appeal that lacks an identifiable argument, McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984), or any legal argument, or that neglects to specify any error in the district court's decision. Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989). This court is not obliged to construct a party's legal arguments, United States v. Brown, 899 F.2d 677, 679 n. 1 (7th Cir.1990), or to do a party's research. Pelfrene v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 AFFIRMED
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
 
 OF WISCONSIN
 ASA MAE SUN
 
 4
 ABRAHAM DAVID SUN (guardian), Plaintiff,
 
 
 5
 v.
 
 
 6
 TED SCHONFELD and DOROTHY SCHONFELD, Defendants.
 
 Civil Action No. 89-C-421
 DECISION AND ORDER
 FACTS
 
 7
 On April 13, 1989, pro se plaintiff Abraham D. Sun ("Sun") commenced an action as a guardian for his daughter Asa M. Sun against defendants Ted and Dorothy Schonfeld ("the Schonfelds"). Sun claims that the Schonfelds fraudulently obtained from him $100,000 in stocks owned by his daughter. On November 21, 1989, the Schonfelds, acting pro se, answered Sun's complaint and moved this court to dismiss Sun's claim or in the alternative transfer the complaint to either the Northern District of New York or Florida. The Schonfelds submitted an affidavit in support of their motion but filed no supporting brief or memorandum.
 
 
 8
 On June 12, 1990, this court denied the Schonfelds' motion to dismiss on the ground that Sun's complaint failed to state a claim for which relief could be granted and stayed their motion for change of venue. In addition, this court indicated that it would grant the Schonfelds' motion to dismiss for lack of personal jurisdiction unless Sun filed with this court and served upon defendants evidence that this court has jurisdiction over the Schonfelds. On June 26, 1990, Sun filed a set of documents which he claimed was evidence that this court has personal jurisdiction over the Schonfelds. In addition, on July 5, 1990, Sun moved this court to order the Federal Bureau of Investigation ("FBI") office in Milwaukee to produce documents they have pertaining to the Schonfelds. Sun, however, did not indicate the relevance of these alleged documents to his claim, and therefore his motion is denied.
 
 
 9
 On July 19, 1990, Dorothy Schonfeld filed an affidavit in reply to Sun's submission in which she indicated that her husband, Ted, died on January 27, 1990, and that she has never had any contact with Sun in Wisconsin. This court has reviewed all of the parties' submissions, and the evidence indicates that this court does not have personal jurisdiction over the Schonfelds. Thus, this court dismisses Sun's complaint against the Schonfelds.
 
 ANALYSIS
 
 10
 The Seventh Circuit has repeatedly upheld the rule that:
 
 
 11
 A federal district court in a diversity case has personal jurisdiction over a non-consenting nonresident defendant if and only if a court of the state in which the district court is sitting would have such jurisdiction (in our case [and in ours] Wisconsin).
 
 
 12
 Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir.1986), cert. denied 479 U.S. 1092 (1987), (citing Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1362 (7th Cir.1985); Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1212 (7th Cir.1984). The Wisconsin Supreme Court has held that personal jurisdiction over a defendant exists when (1) the defendant is subject to jurisdiction under the Wisconsin long-arm statute and (2) exercising jurisdiction under the statute does not violate the due process requirements of the fourteenth amendment of the federal constitution. Liquidation of All-Star Ins. Corp. v. APS Ins. Agency, 110 Wis.2d 72, 76, 327 N.W.2d 648, 650 (1983).
 
 
 13
 Sun has not alleged that personal jurisdiction over the Schonfelds exists pursuant to any Wisconsin statute. This court, however, does not have to determine if jurisdiction under a Wisconsin statute is present because it finds that exercising jurisdiction over the Schonfelds, if possible under a Wis.Stat., would violate the due process requirements of the fourteenth amendment.
 
 
 14
 The United States Supreme Court has consistently held that the due process requirements of the fourteenth amendment are fulfilled whenever the defendant has "purposefully established 'minimum contacts' in the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Although the nature and number of contacts that are required to satisfy the minimum contact threshold varies, the Court has repeatedly held that:
 
 
 15
 [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
 
 
 16
 Id. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958). The Court has described the function of the "purposeful availment" requirement as follows:
 
 
 17
 This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person."
 
 
 18
 Burger King, 471 U.S. at 475 (citations and footnote omitted). In determining if the Schonfelds purposefully availed themselves of the privileges of conducting activities in Wisconsin, this court must consider whether or not their contact with Wisconsin was such that they should have reasonably anticipated being subjected to a lawsuit in Wisconsin. Burger King, 471 U.S. at 474; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In the present case, this court finds that the Schonfelds did not purposefully avail themselves of the privileges of conducting activities in Wisconsin and should not have reasonably foreseen being subjected to a lawsuit in Wisconsin.
 
 
 19
 Sun has plead that (1) he paid $100,000 in stocks to the Schonfelds to purchase from them the Safari Beach Hotel in Daytona, Florida and (2) that the hotel had been foreclosed on prior to Sun's payment to the Schonfelds (Complaint pp III.5-6). The late Ted Schonfeld claimed that all conferences and negotiations concerning the sale of the Safari Beach Hotel occurred either in Florida or over the telephone (Schonfeld Aff. pp 4-5). In addition, Ted Schonfeld alleged that the telephone conferences between the parties occurred while he was residing in New York and Sun was in Florida (Schonfeld Aff. pp 4-5).
 
 
 20
 Although Sun's complaint implies that the Schonfelds called him while he was in Wisconsin, it is vague as to what, if any contacts, the Schonfelds have had with Wisconsin (Complaint pp III.3-5)). On November 22, 1989, Sun filed a signed statement with this court stating that all of the transactions occurred in Wisconsin (Nov. 22, 1989 "Facts Supp.Comp." p 6). This statement, however, was not made under oath and provided no details regarding the Schonfelds alleged contact with Wisconsin.
 
 
 21
 On June 26, 1990, Sun filed the following documents with this court which he claims is evidence that the Schonfelds purposefully availed themselves of the benefits of conducting activities in Wisconsin: (1) a copy of a June 20, 1990 letter to Sun from the Dean Witter Reynolds Inc. office in Racine, Wisconsin regarding an attempted transfer of money from Asa Ma Sun's account to Ted Schonfeld's account; (2) a copy of a January 7, 1990 letter to Olga Hughes ("Hughes") from Sun regarding the Safari Beach Hotel and Ted Schonfeld; (3) a copy of a February 23, 1990 letter to Sun from Hughes in response to Sun's January 7, 1990 letter to her; (4) a copy of the label from an express mail package which Sun received in Wisconsin from Ted Schonfeld; (5) copies of numerous telephone bills indicating that Sun had called Albany, New York from Wisconsin in September, October, November, and December, 1987; and (6) a copy of a portion of a contract signed by Sun on July 16, 1987 relating to the purchase of property that was described in an unattached exhibit.
 
 
 22
 The only one of these documents which in any way suggests that the Schonfelds initiated contact with Sun in Wisconsin is the copy of the express mail label. Sun, however, has not provided this court with an explanation of what was inside the express mail package or how this single mailing is evidence that the Schonfelds should have reasonably foreseen being subjected to a lawsuit in Wisconsin. As this court informed Sun in its June 12, 1990 order, the plaintiff has the burden of proving that personal jurisdiction exists. Lincoln v. Seawright, 104 Wis.2d 4, 9, 310 N.W.2d 596 (1981). Sun has not met his burden, and therefore the Schonfelds' motion to dismiss for lack of personal jurisdiction is granted.
 
 
 23
 As an alternative to dismissing Sun's fraud claim against the Schonfelds for lack of personal jurisdiction, this court could transfer his claim pursuant to Title 28 U.S.C. § 1406(a) to a district where it could have originally been brought. As long as the transfer is in the interest of justice, it can occur regardless of whether or not this court has personal jurisdiction over the parties. Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).
 
 
 24
 The facts surrounding and supporting Sun's claim, however, are not clear enough to permit this court to transfer this case to a different venue. Sun's initial complaint was drafted in broken English and had to be construed liberally to withstand the Schonfelds' motion to dismiss on the ground that the complaint failed to state a claim for which relief could be granted. Moreover, the current record does not permit this court to determine if the most appropriate venue for Sun's claim is Florida or New York. Thus, this court will not transfer Sun's complaint.
 
 
 25
 IT IS THEREFORE ORDERED that defendants Ted and Doris Schonfelds' motion to dismiss plaintiff Abraham David Sun's complaint against them on the ground that this court lacks personal jurisdiction over them is GRANTED and this action is DISMISSED without prejudice.
 
 
 26
 IT IS FURTHER ORDERED that plaintiff Abraham David Sun's motion to order the Federal Bureau of Investigation Milwaukee Office to produce documents is DENIED.
 
 
 27
 Dated at Milwaukee, Wisconsin, this 29th day of October, 1990.
 
 
 28
 /s/ BY THE COURT:
 
 
 29
 /s/ John W. Reynolds
 
 
 30
 /s/ Senior Judge
 
 
 
 *
 Appellees' failure to file a brief and subsequent failure to respond to this court's order to show cause why this appeal should not be submitted to the court for decision without an appellees' brief and without oral argument by appellees resulted in submission to the court for decision without a brief or oral argument on behalf of appellees. See Fed.R.App.P. 31(c); Cir.R. 31(d). After preliminary examination of appellants' brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on appellants' brief
 
 
 [1]
 Sun has not alleged on appeal that the district court should have transferred this action to another district as an alternative to dismissal. Rather, Sun maintains only that the court erred in determining that the federal district court in Wisconsin lacked personal jurisdiction over the defendants